The Honorable Jimmie Lou Fisher Treasurer of State 220 State Capitol Little Rock, AR 72201
Dear Ms. Fisher:
This is in response to an opinion request from Robert C. Brown, Director of Accounting, Audit and Legal involving Ark. Stat. Ann. 81-1367 (Cum. Supp. 1985). The following question has been posed:
 Should Arkansas Statute 81-1367 be used as an enforcement tool to force a municipality or county to provide Workers' Compensation coverage for its employees to be exercised during the period of time coverage is not provided; or in this particular case involving the City of Alexander, which currently is providing Worker's Compensation for its employees, should failure to comply with Arkansas Statute 81-1367 between the periods of July 1, 1985 and December 19, 1986 result in a loss of general revenues for future State turnback?
Ark. Stat. Ann. 81-1367 (Cum. Supp. 1985) provides in pertinent part as follows:
 Municipal governing bodies and county quorum courts shall be responsible for providing the workers' compensation coverage required by this Act [81-1364 — 81-1367] . . . Failure of a municipality or county to provide the workers' compensation coverage as required by this Act shall result in loss of the municipality's or county's general revenues turn-back from the State of Arkansas for the period for which workers' compensation coverage is not provided.
This legislative enactment is clear in mandating that municipalities and counties provide workers' compensation coverage. Reliance upon this provision as an enforcement tool to ensure coverage would therefore appear to be appropriate.
81-1367 is, however, also explicit in dictating the loss of turn-back revenues. While loss of future State turnback does not appear to be contemplated by this provision, the General Assembly has clearly expressed its intent to impose loss of revenue turn-back for the period in which coverage is not provided.
This opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.